

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,925-01

### EX PARTE JOSEPH WEBER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-13-904090-A IN THE 331ST DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of "super" aggravated sexual assault of a child, one count of continuous sexual abuse of a child, and two counts of indecency with a child. He was sentenced to imprisonment for three terms of seventy years and two terms of ten years.

Applicant contends that trial counsel failed to file a notice of appeal. On October 14, 2015, we remanded this application and directed the trial court to order trial counsel to respond. On

remand, the trial court made findings of fact and recommended that we grant Applicant an out-of-time appeal. Nothing in the supplemental record indicates, however, that counsel responded or was given the opportunity to respond. Before being found ineffective, trial counsel should ordinarily be given an opportunity to explain his conduct. *Rylander v. State*, 101 S.W.3d 107,111 (Tex. Crim. App. 2003).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because trial counsel failed to file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 18, 2015
Do not publish